UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRENDA PICKERN,<br><br>        Plaintiff,<br><br>   v.<br><br>3 STONEDEGGS, INC.; REAL INCOME CORPORATION,<br><br>        Defendants. | CIV. NO. 2:13-1373 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTION TO STRIKE DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE |

----oo0oo----

Plaintiff Brenda Pickern brought this action against defendants Real Income Corporation and 3 Stonedeggs, Inc., doing business as Perry's Cozy Diner, seeking damages and injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq., and two other California statutes. Defendants timely answered the complaint and asserted, among other affirmative defenses, that plaintiff cannot compel physical alterations to their restaurant under the Unruh Act because it is

1

a "legally constructed structure" that complies with all applicable access regulations.  (Answer ¶ 57 (Docket No. 9).)  Plaintiff now moves to strike this affirmative defense as legally insufficient pursuant to Federal Rule of Civil Procedure 12(f).  (Docket No. 11.)

Rule 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  An affirmative defense is legally insufficient only where "there are no questions of fact," "any questions of law are clear and not in dispute," and "under no set of circumstances could the defense succeed."  Ramirez v. Ghilotti Bros., 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) (citation omitted).  Because motions to strike are "often used as delaying tactics," they are "generally disfavored"[1] and are rarely granted in the absence of prejudice to the moving party.  Rosales v. Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); see also N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate . . . prejudice, courts frequently deny motions to strike even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." (citation and internal quotation marks omitted)).

At this stage in the litigation, the court lacks any

---

[1] While the court disfavors motions to strike, apparently neither plaintiff nor the many other parties who have recently filed motions to strike before the court seem to feel likewise. One can only speculate about what is motivating this trend and why the parties do not seem to share the court's disfavor towards these motions.

basis to conclude that defendants' restaurant is or is not a "legally constructed structure," (Answer ¶ 57), and therefore cannot say that there is "no set of circumstances" under which this defense will remain applicable. Ramirez, 941 F. Supp. 2d at 1204. And despite plaintiff's entreaties that "her case depends on [the] nonexistence" of defendants' affirmative defenses, (Pl.'s Reply at 2:15-16 (Docket No. 16)), plaintiff has not shown that she will be prejudiced by this defense. See Berry, 667 F. Supp. 2d at 1128. Accordingly, the court will deny plaintiff's motion to strike this defense. In so doing, the court expresses no opinion about the merits of plaintiff's Unruh Act claim or about who will ultimately bear the burden of proof on this defense.

    IT IS THEREFORE ORDERED that plaintiff's motion to strike defendants' fourth affirmative defense be, and the same hereby is, DENIED.

Dated:  January 28, 2014

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE